No. 18,734.

D. M. Carey v. Lester E. Stopp.
(350 P. [2d] 1062)

Decided April 11, 1960.

Mr. C. R. Froman, Mr. Chester E. Smedley, for plaintiff in error.

Mr. Stevens Park Kinney, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hall.

The parties appear here in reverse order to their appearance in the trial court. We refer to them by name.

Stopp in his complaint alleges that he loaned to Carey the sum of $500.00 and that he has demanded payment, which demand has been refused. He prays for judgment for the amount of $500.00 and interest. To this complaint Carey filed his answer consisting of a general denial.

On trial to the court, Stopp introduced in evidence his cancelled check in the amount of $500.00 made payable to Carey and by Carey endorsed. He also testified that it was a personal loan to Carey.

Carey by way of defense testified that the $500.00 was really a loan to Metropolitan Drug, Inc., a corporation then being formed by Stopp, Carey, Mrs. Carey and two other persons. The testimony of Stopp and Carey was in sharp conflict.

Carey called as a witness in his behalf an attorney who had prepared the articles of incorporation of Metropolitan Drug, Inc., and had also given advice to Stopp and Carey on a personal, non-paying basis. Stopp objected to any testimony by the attorney on the ground of privilege. The trial court sustained this objection, whereupon Carey through his counsel made what is called an offer of proof, as follows:

"MR. FROMAN: Exception. I would like to offer in the record to show by this witness on the night Mr. Carey and the plaintiff, his companion Brickley came to the home.

"THE WITNESS: No, you're wrong there. Mr. Brickley did not come.

"MR. FROMAN: Mr. Brickley, Carey and Mr. Stopp came to the home of Mr. Carl Perricone to discuss the question of forming a corporation; that at that time a conversation took place by both Mr. Stopp and Mr. Carey about the financing of it; also to show that at that time Carey stated he had no funds; that Mr. Stopp offered to put up the funds.

"MR. KINNEY: Now, this is just an offer that we can object to which we do.

"THE COURT: Sustained."

We fail to find in the offer anything that would shed light on the issue presented by the pleadings and resolved by the court.

■ The only ground urged for reversal is the ruling of the trial judge that the attorney could not testify. The testimony sought to be elicited from the attorney was clearly irrelevant and immaterial and there can be no error in excluding such testimony, no matter by whom offered or for any reason.

The trial court found the issues in favor of the plaintiff and entered judgment accordingly. The findings of the trial court are well supported by competent evidence, and it is not within the province of this court to disturb such findings.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.